UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALLA FARMS, LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>GEMINI INSURANCE COMPANY,<br><br>          Defendant. | Case No. 1:23-cv-00277-JLT-CDB<br><br>ORDER ON DEFENDANT'S BILL OF COSTS<br><br>(Docs. 61, 62, 66)<br><br><u>Clerk of the Court to Tax Costs Consistent with Order Herein</u> |

On August 12, 2024, the Court granted summary judgment in favor of Defendant Gemini Insurance Company ("Gemini"). (Doc. 59). Plaintiff Palla Farms, LLC ("Palla Farms") appealed the Court's judgment to the Ninth Circuit Court of Appeals. *See* (Docs. 63, 64). On April 8, 2026, the Ninth Circuit affirmed this Court's judgment. (Doc. 70).

Pending before the Court is the bill of costs by Gemini in which it requests the Clerk of the Court tax costs in the total amount of $6,302.64. (Doc. 61). Palla Farms filed an opposition (Doc. 62) and Gemini replied (Doc. 66).

**I.      Governing Legal Standard**

"Rule 54 provides that, in general, costs should be awarded to the prevailing party in a civil action." *Williams v. J.B. Hunt. Transport, Inc.*, 151 F.4th 1020, 1039 (9th Cir. 2025) (citing Fed. R. Civ. P. 54(d)(1)). Recoverable costs are defined in 28 U.S.C. § 1920. *Id*. Such costs include, for instance, "'[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case' as well as copies of any materials 'necessarily obtained for use in the case.'" *Id*. (quoting 28 U.S.C. § 1920(2), (4)).

A district court "needs no affirmatively expressed reason to tax costs. Rather, it need only

conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." *Save our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003).

## II.   Costs of Service of Deposition Subpoenas and Associated Witness Fees

Palla Farms argues that the Court should reject Gemini's request to recover $524.00 in witness fees and $2,498.40 in costs associated with service of deposition subpoenas on the grounds that the depositions never went forward, were not reasonably necessary to the litigation, and that the costs requested exceed the amount recoverable or otherwise are not recoverable.

First, Palla Farms notes that Gemini delayed until approximately one month prior to the close of non-expert discovery before propounding written discovery requests and serving the deposition subpoenas for which it seeks reimbursement of costs.  Casting Gemini's purported delay as misconduct, Palla Farms cites authority for the proposition that "a prevailing party's bad conduct is relevant to the determination of whether or not to tax if such conduct is responsible for excessive costs." (Doc. 62 at 3) (citing *Gregorie v. Alpine Meadows Ski Corp*., No. CIV. S-08-259 LKK/DAD, 2011 WL 590605, at *2 (E.D. Cal., Feb. 10, 2011)).

The type of "bad conduct" cited by Palla Farms is not enough to overcome the presumption in favor of awarding costs to the prevailing party.   Instead, "because the denial of costs is by nature a penalty," the losing party bears the burden to identify "some impropriety on the part of the prevailing party" that is "worthy of punishment." *Nat'l Info. Servs., Inc. v. TRW, Inc*., 51 F.3d 1470, 1472 (9th Cir. 1995), overruled on other grounds by *Ass'n of Mexican-Am. Educators v. State of Cal*., 231 F.3d 572, 593 (9th Cir. 2000) ("We now overrule *National Information Services* to the extent that it held that *only* misconduct may support the denial of costs to a prevailing party") (emphasis in original).  Here, Gemini adequately has demonstrated it did not engage in any impropriety in serving the deposition subpoenas at a later stage of discovery (*see* Doc. 66 at 3-5).

Next, Palla Farms notes that Gemini withdrew five of the 14 subpoenas within two weeks of their service, further confirming that the deposition of these five witnesses was not reasonably necessary and that the associated costs ($731.80) therefore should not be reimbursed.  (Doc. 62 at

4).  The Court rejects this argument for the reasons explained in Gemini's reply (Doc. 66 at 3-5) and is satisfied that, at the time the subpoenas were served, the witnesses' testimony appeared reasonably necessary and that the withdrawal of certain subpoenas was prompted by information learned subsequent to the service.

Palla Farms also argues that Gemini's recovery for service of process fees charged by the private process servers it employed should be limited to the amount recoverable for the same service fees charged by the U.S. Marshals Service (i.e., $65 per hour, plus travel costs and out-of-pocket expenses), consistent with Local Rule 292 and the applicable regulation (28 C.F.R. § 0.114).  (Doc. 62 at 5-6).  Palla Farms also asks the Court disallow Gemini from recovering the "page count" fee it was assessed by the private process server.

The district court is permitted to tax private process service fees to the losing party.  *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir.1990) (per curiam). Although it is unclear under Ninth Circuit authority whether the costs recoverable for private process servers are capped at the amount charged by the U.S. Marshals Service (e.*g., Adgate v. Robinson Ford Sales, Inc.*, 208 F.3d 220 (9th Cir. 2000), unpublished (citing *Alfex Corp.*)), judges of this Court commonly apply the cap.  *E.g., Flores v. FCA US LLC*, No. 1:17-cv-0427-JLT, 2019 WL 6211367, at *15 (E.D. Cal. Nov. 21, 2019) (reducing excess service fees incurred for copying, areas surcharges, and rush service to $65 permitted under 20 C.F.R. § 0.114(a)); *Self v. FCA US LLC*, No. 1:17-cv-01107-SKO, 2019 WL 1994459, at *13 (E.D. Cal. May 6, 2019) ("With respect to the deposition subpoenas, however, there is no evidence regarding the amount of time required for service of the subpoenas. Accordingly, the Court reduces the service fee for each subpoena by $0.50 to the $65.00 contemplated by statute.").

Assuming without deciding the cap under 28 C.F.R. § 0.114 applies to private process server fees, the Court has reviewed Defendant's bill of costs and reply evidence and concludes that it has met its burden of demonstrating that the costs associated with its use of private process servers, including the hours identified, are within the amounts permitted under 28 C.F.R. § 0.114.

Palla Farms separately argues that Gemini cannot recover witness fees advanced to the deposed witnesses because the witnesses never were deposed. (Doc. 62 at 7).  Palla Farms notes

3

that many of the checks issued to the deposed witnesses were never cashed, at least one was cashed and reimbursed to Gemini, and that Gemini's recourse should be to seek reimbursement of the advanced fees directly from the witnesses served.  Separately, to the extent any witness fees are recoverable, Palla Farms argues that Gemini may recover only the statutory $40 fee and not the additional $4 surcharge it was charged by its private process server.

The statute governing witness fees (28 U.S.C. § 1821) expressly limits the payment of a $40 witness fee to "a witness in attendance."  *See, e.g., Seebach v. BMW of N. Am.*, LLC, No. 2:18-cv-00109-KJM-AC, 2021 WL 516712, at *1 (E.D. Cal. Feb. 11, 2019) (declining to approve $40 witness fee under § 1821 where witness neither testified at trial nor offered deposition testimony).  Here, as none of the witnesses subpoenaed for deposition actually appeared for deposition or testified, Gemini may not recover the witness fees it seeks for those witnesses ($524.00).  *See* (Doc. 61 at 3-4).

**III.    Costs of Photocopies**

Palla Farms requests the Court permit Gemini to recover less than what it seeks for reimbursement of photocopy fees ($2,503.14) because such costs are only recoverable to the extent they were "necessary" and Gemini fails to meet this standard.  (Doc. 62 at 7-8).  For instance, Palla Farms notes that Gemini seeks to recover photocopy fees for documents it obtained from state court; however, Gemini propounded discovery requests upon Palla Farms for the same documents and would have avoided incurring the fees because Gemini possessed and could have produced the documents to Gemini.  Palla Farms also notes that certain costs Gemini seeks to recover related to the photocopying of two documents, such as "research time" costs, are merely "convenience charges" that are not recoverable under the applicable statute and Local Rule.  Id. at 9.

The Court has considered the objections of Palla Farms and Gemini's reply, (Doc. 66 at 9-10) and finds Gemini has met is burden of demonstrating that the photocopy costs it seeks to recover were reasonably necessary for use in the case.

**IV.    Conclusion and Order**

For the reasons set forth above, Palla Farms' objections (Doc. 62) to Gemini's bill of costs

(Doc. 61) are sustained to the extent of disallowing the fees for witnesses ($524.00) and otherwise are overruled.

Accordingly, the Clerk of the Court shall tax costs in favor of Gemini in the total amount of $5,778.64.

IT IS SO ORDERED.

Dated:   **April 13, 2026**

_____
UNITED STATES MAGISTRATE JUDGE